UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO et al., | (Jointly Administered) |
| Debtors.[1] | |

------------------------------------------------------------------x

| | |
|---|---|
| ASOCIACIÓN PUERTORRIQUEÑA DE PROFESORES UNIVERSITARIOS, ÁNGEL RODRÍGUEZ RIVERA, JAVIER CÓRDOVA ITURREGUI, HERIBERTO MARÍN CENTENO, YOHANA DE JESÚS BERRÍOS, ANNABELL C. SEGARRA, NYDIA E. CHÉVEREZ RODRÍGUEZ, FRANCES BOTHWELL DEL TORO, LIDA ORTA ANÉS, AND IVETTE BONET RIVERA, | Adv. Proc. No. 19-00034 (LTS) |
| Plaintiffs, | |
| -v- | |
| UNIVERSITY OF PUERTO RICO, GOVERNING BOARD OF THE UNIVERSITY OF PUERTO RICO, WALTER ALOMAR JIMÉNEZ, ZORAIDA BUXÓ | |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

SANTIAGO, ERIC PÉREZ TORRES, ALEJANDRO
CAMPORREALE MUNDO, ANTONIO MONROIG
MALATRASSI, NEFTALÍ, SOTO SANTIAGO,
EMILIO COLÓN BELTRÁN, JORGE HADDOCK
ACEVEDO, AND FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

                        Defendants.

MAYRA OLAVARRIA CRUZ, ALAN RODRIGUEZ
PEREZ, JORGE RIVERA VELAZQUEZ, NAOMY
RIVERA, AND UNIVERSITY OF PUERTO RICO
RETIRMENT SYSTEM,

                        Nominal Defendants.
-------------------------------------------------------------------x

MEMORANDUM ORDER OVERRULING OBJECTION, ADOPTING REPORT AND
RECOMMENDATION, AND DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

        On June 10, 2020, Magistrate Judge Judith Gail Dein issued a Report and Recommendation (Docket Entry No. 27 in Adv. Proc. No. 19-34, the "Report")[2] recommending that the Court grant the relief sought by *The Financial Oversight and Management Board for Puerto Rico's Memorandum in Support of Motion to Dismiss Plaintiffs' Amended Adversary Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)* (Docket Entry No. 17, the "Oversight Board's Motion"), filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") under Rule 12(b)(1) of the Federal Rules of Civil Procedure by dismissing the complaint in the above-captioned action for lack of jurisdiction, not exercising supplemental jurisdiction of the claims against the University of Puerto Rico (the "UPR"), the Governing Board of UPR (the "Governing Board"), and the Governing Board's members (together, the "UPR Defendants"), and further recommending that the Court grant the UPR Defendants' *Joint Motion for Dismissal* (Docket Entry No. 18, the "UPR Defendants' Motion")

---

[2]     All docket entry references are to entries in Adversary Proceeding No. 19-34.

on that basis. On June 24, 2020, the plaintiffs in the above-captioned adversary proceeding (together, "Plaintiffs") objected to the Report (Docket Entry No. 28, the "Objection"), and on July 10, 2020, Plaintiffs sought leave to further amend their complaint (Docket Entry No. 32, the "Motion to Amend"). On August 10, 2020, the Oversight Board filed its opposition to the Objection and to the Motion to Amend (Docket Entry No. 33, the "Oversight Board's Opposition"), and the UPR Defendants filed their opposition to the Objection (Docket Entry No. 34). Plaintiffs filed their reply on August 31, 2020 (Docket Entry No. 36). The Court has reviewed the Report and all the submissions of the parties carefully and, for the following reasons, overrules the Objection in its entirety, adopts the Report, and denies the Motion to Amend.

## BACKGROUND

Plaintiffs Asociación Puertorriqueña de Profesores Universitarios, Inc.—an association of active and retired UPR professors—and nine of its members who have made contributions to the University of Puerto Rico Retirement System (the "Retirement System"), commenced the Adversary Proceeding, and submitted an amended complaint (Docket Entry No. 13, the "Amended Complaint") contending that (i) the Oversight Board's certification of a 2019 Fiscal Plan for UPR makes "reforms to the UPR System in detriment of the vested rights of the retirees, participants and beneficiaries" (Am. Compl. ¶ 3.11); (ii) the Oversight Board is precluded from doing so because it lacks authority over the Retirement System, which they maintain is an independent trust (id. ¶¶ 4.4-4.38); and (iii) the Governing Board "has neglected its fiduciary obligations" by failing to procure payments owed to the Retirement System from UPR, and by "allowing the Oversight Board to dictate the fate of the Retirement System without legal faculty to do so, [thereby] failing to protect the assets of the Retirement System and the benefits of its members" (id. ¶¶ 3.12, 6.7).

Judge Dein's Report recommends that the Oversight Board's Motion be granted on the basis of Rule 12(b)(1) of the Federal Rules of Civil Procedure, because Plaintiffs lack standing to assert the claims in their Amended Complaint, and that the UPR Defendants' Motion be granted because there is no basis for this Court to exercise supplemental jurisdiction of the claims against the UPR Defendants in this Title III proceeding. The Court hereby incorporates by reference the Statement of Facts section of the Report (see Report at 4-11) and the Report's descriptions of the parties' contentions (see Report at 13-25).

## Discussion

A. Magistrate Judge Dein's Report

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (Westlaw through P.L. 117-26 with the exception of P.L. 116-283). The court must make a de novo determination insofar as a party makes specific objections to portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made. Id.; see also Vega-Feliciano v. Doctors' Ctr. Hosp., Inc., 100 F. Supp. 3d 113, 116 (D.P.R. 2015) ("A party that files a timely objection is entitled to a *de novo* determination of 'those portions of the report or specified proposed findings or recommendations to which specific objection is made.'" (quoting Sylva v. Culebra Dive Shop, 389 F. Supp. 2d 189, 192 (D.P.R. 2005))). Nevertheless, a district court need not consider "frivolous, conclusive, or general objections." Id. (citations omitted). Where objections to a magistrate judge's report and recommendation are general or conclusory, a de novo review is unwarranted, and the district judge will instead review the report and recommendation for clear error. Id. Objections that do not specify the analytical aspects of the report and recommendation to which the party is objecting are

considered "general or conclusory," as are objections that are repetitive of arguments already presented to the magistrate judge. Id.

This Court has reviewed the Report and, to the extent the Objection engages with the analysis in the Report, most of the arguments simply reiterate or reconfigure those already presented to Magistrate Judge Dein. In any event, this Court reviews the Report de novo.

To the extent the Objection claims Plaintiffs have constitutional standing and that the 2019 Fiscal Plan for UPR only presented one approach to the Retirement System which harmed them (Obj. at 4-5), such arguments reiterate those rejected in the Report (Report at 16-19). Plaintiffs also assert that the Report improperly relies on a letter attached to their opposition to the Oversight Board's Motion (Obj. at 3) and "completely omits the contents of the [2019] Fiscal Plan" which forms the basis of their allegations against the Oversight Board (id.), but the Report did base its analysis on the 2019 Fiscal Plan and Plaintiffs' allegations concerning it (Report at 20). Since it remains "undisputed that there has been no reduction in pension benefits, and UPR has not selected, much less implemented, any modifications to the Retirement System that reduce the benefits to which the Plaintiffs claim to be entitled," the Court concurs in the Report's conclusions that there is no actual case or controversy concerning an injury that is "certainly impending," that the instant controversy is not ripe for judicial intervention, and that Plaintiffs lack constitutional standing. (Id. at 16-19 (quoting Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409 (2013)).)

Insofar as the Objection asserts that the Report should have accepted Plaintiffs' preferred reading of the Amended Complaint (i.e., that the Amended Complaint does not challenge the certification of the 2019 Fiscal Plan), and that the Report would allow the Oversight Board to include anything in a fiscal plan affecting private entities without the opportunity for judicial review (Obj. at 7-10), such assertions were already considered and resolved by the Report (Report at 19-21). Indeed, "[t]he only conduct of the Oversight Board about which the Plaintiffs complain is its actions

in connection with its certification of the Fiscal Plan for UPR. There is no judicial review of those actions." (Id. at 20.)

Plaintiffs separately argue that the Report improperly considered sua sponte the issue of subject matter jurisdiction of the sixth, seventh, and eighth claims for relief in the Amended Complaint, even though the Oversight Board never questioned the Court's jurisdiction of those claims for relief. (Id. at 8 n.7.) Questions of subject matter jurisdiction are, however, not only appropriate but necessary for a court to decide, even sua sponte. See, e.g., In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." (emphasis added)).[3] Moreover, the Court concurs with the Report's analysis:

> [T]o the extent that [the sixth, seventh, and eighth] claims for relief apply to the [Oversight Board], they also flow from and are dependent on the Plaintiffs' objections to the actions taken by the [Oversight Board] in connection with its certification of UPR's and the Commonwealth's Fiscal Plans and Budgets. Therefore, given the context in which these claims have been raised, this Court lacks subject matter jurisdiction over these requests for relief to the extent that they relate to the [Oversight Board] pursuant to PROMESA § 106(e) as well.

(Report at 21 n.12.)

The Objection raises no independent arguments concerning supplemental jurisdiction and admits that the question turns on whether Plaintiffs otherwise have standing. (Obj. at 7. See also Docket Entry No. 23 ¶ 3.1.) Because this Court finds no basis for disagreeing with the Report's recommendations concerning standing and jurisdiction, the Court concludes it cannot exercise supplemental jurisdiction over claims against the UPR Defendants, for the reasons stated in the

---

[3] Rule 12(h)(3) of the Federal Rules of Civil Procedure is made applicable in these Title III cases by section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2170, by way of Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.

Report. (Report at 24-25.) See Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995). Accordingly, and for the foregoing reasons, this Court overrules the Objection and adopts the Report in its entirety.

B. Plaintiffs' Motion to Amend

Plaintiffs separately filed a Motion to Amend (with an enclosed *Second Amended Complaint for Declaratory and Injunctive Relief*, Docket Entry No. 32-1, the "Second Amended Complaint"), which raises new allegations concerning the Oversight Board's certification of the 2020 Fiscal Plan for UPR, asserting that it is more harmful to their interests than the 2019 Fiscal Plan, and that the Oversight Board has admitted it lacks authority to effect changes to the Retirement System by way of a certified fiscal plan and that the UPR would have to be a Title III debtor before it could force such changes. (Mot. to Am. ¶¶ 3-4.) Because the proposed Second Amended Complaint would not establish standing, jurisdiction, or allow the Court to exercise supplemental jurisdiction, the Court denies the Motion to Amend as futile.

Federal courts generally grant leave to amend a complaint "when justice so requires" Fed. R. Civ. P. 15(a)(2), and with liberality, but denial is appropriate in the following circumstances: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment." Riofrio Anda v. Ralston Purina, Co., 959 F.2d 1149, 1154 (1st Cir. 1992) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). An amendment would be futile where "the complaint, as amended, would fail to state a claim upon which relief could be granted." Rife v. One W. Bank, F.S.B., 873 F.3d 17, 21 (1st Cir. 2017) (citation omitted). An amendment would also be futile if it failed to establish subject matter jurisdiction under Rule 12(b)(1). D'Agostino v. ev3, Inc., 845 F.3d 1, 6 n.3 (1st Cir. 2016). The only defect

alleged by the Oversight Board's Opposition is that the Second Amended Complaint would be futile. (Oversight Board's Opp. at 13-16.) The Court agrees.

First, by asserting claims regarding similar aspects of the 2020 Fiscal Plan (Second Am. Compl. ¶¶ 3.11-3.15), Plaintiffs would again run afoul of section 106(e) of PROMESA for seeking to challenge the Oversight Board's certification of a fiscal plan, as previously discussed. Second, even if newly alleged admissions by the Oversight Board in the Second Amended Complaint were true, any question of whether the Oversight Board lacks authority to effect changes to the Retirement System pertains to the merits which this Court does not reach (since Plaintiffs lack standing). (See Second Am. Compl. ¶¶ 3.16-3.18.) Third, to the extent the revised language includes legal conclusions couched as facts, the Court is not thereby required to accept or adopt such legal conclusions, nor does it have any reason to reach any legal conclusions contrary to those of the Report. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); Air Sunshine, Inc. v. Carl, 663 F.3d 27, 33 (1st Cir. 2011). Fourth, and finally, the relief requested in the Second Amended Complaint is materially identical to that sought in the Amended Complaint (Second Am. Compl. ¶¶ 10.1-10.11), and it therefore retains the fatal flaws identified in the Report.

## CONCLUSION

For the foregoing reasons, the Court adopts the thorough and well-considered Report, and the Objection is overruled. The Oversight Board's Motion is granted under Rule 12(b)(1) of the Federal Rules of Civil Procedure and the UPR Defendants' Motion is granted to the extent it seeks denial of supplemental jurisdiction. Moreover, Plaintiffs' Motion to Amend is denied as futile. The Clerk of Court is directed to enter judgment accordingly and close the above-captioned adversary proceeding.

This Order resolves Docket Entry Nos. 17, 18, 27, 28, and 32 in Adversary Proceeding No. 19-34.

SO ORDERED.

Dated: July 27, 2021

                                                      /s/ Laura Taylor Swain
                                                     LAURA TAYLOR SWAIN
                                                     United States District Judge